**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **FRANKLIN LASHAWN WILLIAMS** | § | |
| | § | |
| **V.** | § | **A-12-CA-623-SS** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division**[1] | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules this Court.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 9); Respondent's Amended Answer (Document 11); and Petitioner's response thereto (Document 12).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

A.    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas, in cause number 09-003-K26.  Petitioner was charged with two counts of aggravated assault of a public

---

[1]The previous named respondent in this action was Rick Thaler, who was succeeded by William Stephens On June 1, 2013. Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens is automatically substituted as a party.

servant and evading arrest or detention with a vehicle, enhanced with two prior felony convictions. Petitioner entered a plea of not guilty to a jury.  On August 19, 2009, the jury found Petitioner guilty as charged of counts one and three, imposed a deadly weapon finding as to count three, found Petitioner not guilty of count two, found the enhancement paragraphs true, and assessed punishment at thirty years' imprisonment on count one and ten years' imprisonment on count three.  Petitioner's convictions were affirmed by the Third Court of Appeals of Texas.  Williams v. State, No. 03-09-00542-CR, 2011 WL 677390 (Tex. App. – Austin 2011, no pet.).

Petitioner also challenged his convictions in a state application for habeas corpus relief.  On May 2, 2012, the Texas Court of Criminal Appeals denied Petitioner's state application without a written order on the finding of the trial court without a hearing.  Ex parte Williams, Appl. No. 35,966-03 at cover.

**B.     Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> On December 31, 2008, police officers undertook to execute an arrest warrant on Williams for aggravated robbery involving the use of a handgun. See TEX. PENAL CODE ANN. § 29.03(a)(2) (West Supp. 2010). The police learned that Williams was at a particular apartment complex and went to the scene in two cars; officer Jerod Morris drove one, and officer Michael Hallmark drove the other. As the officers entered the apartment complex's parking lot, they saw Williams getting into his car. The officers attempted to block Williams's car with their own to prevent Williams from fleeing. The officers stopped their cars, exited them, and began approaching Williams's car on foot while yelling "Stop! Police!" The officers were wearing vests with the word "Sheriff" printed on them. Williams began driving his car towards Morris, and Morris ducked back inside his car to avoid being struck. Williams was able to exit the parking lot and began driving away. The officers followed Williams in their vehicles and engaged in a lengthy pursuit that covered large portions of west and central Georgetown. At least six police vehicles representing four different agencies participated in the pursuit, during which Williams wove in and out of

traffic, disregarded stop signs and traffic signals, drove on the wrong side of the roadway, left the roadway, and came close to striking two of the police vehicles. The pursuit ended only after Williams's vehicle collided with a fence next to a bridge near downtown Georgetown. Williams fled on foot after his vehicle was disabled, and officers eventually apprehended him atop a rock embankment next to the San Gabriel River.

As a result of the incident, the State charged Williams with two counts of aggravated assault on a public servant—one each on Officers Morris and Hallmark—with Williams's car playing the role of deadly weapon. See TEX. PENAL CODE § 22.02. The State also charged Williams with one count of evading arrest in a motor vehicle. See id. § 38.04. Williams pleaded not guilty and went to trial.

Williams v. State, No. 03-09-00542-CR, 2011 WL 677390, at *1 (Tex. App. – Austin 2011, no pet.).

## C.    Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1.    The trial court erred in failing to hold a competency hearing in light of the magistrate court's order for mental health or mental retardation examination; and

2.    Petitioner was denied effective assistance of trial counsel when his attorney failed to investigate if there was an order for a competency evaluation.

## D.    Exhaustion of State Court Remedies

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## <u>DISCUSSION AND ANALYSIS</u>

## A.    The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the

3

starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id.  Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id.  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that

decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated."

Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court.  Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000)).  The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted).  Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 741 (quotation and citation omitted).  The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).  That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  See 28

5

U.S.C. § 2254(e)(1).  But absent such a showing, the federal court must give deference to the state court's fact findings.  Id.

**B.      Failure to Hold Hearing**

In his first ground for relief, Petitioner contends the trial court erred in failing to hold a competency hearing in light of the magistrate court's order for mental health or mental retardation examination.  Specifically, Petitioner claims:

> [I]f the Courts had complied, the evidence would have created a bona fide doubt of his ability to competently stand trial not having a sufficient present ability to consult with his trial counsel with a reasonable degree of rational understanding or . . . . possessed an understanding of the proceedings against him, when the now presented evidence would have shown at least moderate retardation.

Pet. Memo. at 5.  Petitioner raised this claim in his state application for habeas corpus relief.  The state habeas court found:

> The Court never entered an order for [Petitioner] to be evaluated for competency or insanity because there was no indication that [Petitioner] was either incompetent to stand trial or insane at the time he committed the offenses in this case.

Ex parte Williams, Appl. No. 35,966-03 at 36.  Petitioner objected to the findings and provided the Court of Criminal Appeals at least three copies of the magistrate court's order for mental health or mental retardation examination.  Each copy was "received" by the Clerk for the Court of Criminal Appeals and then subsequently marked "FILE IN WRIT FILE" by the staff attorney. Apparently, the district court was unaware of the magistrate court's order.

A defendant has a procedural due process right to a competency hearing when the evidence raises a bona fide doubt as to the defendant's competence at the time of trial and any immediately related proceedings.  Pate v. Robinson, 383 U.S. 375, 385 (1966); McInerney v. Puckett, 919 F.2d 350, 351 (5th Cir. 1990).  Three factors should be considered when determining whether a "bona fide

doubt" exists: the existence of any history of irrational behavior, defendant's demeanor at trial, and prior medical opinion. Chenault v. Stynchcombe, 546 F.2d 1191, 1193 (5th Cir. 1977) (citing Drope v. Missouri, 420 U.S. 162, 180 (1975)); Mata v. Johnson, 210 F.3d 324, 329 (5th Cir. 2000).

There is no evidence in Petitioner's case that the trial court had a bona fide doubt as to Petitioner's competency at the time of trial. Petitioner has provided the Court with no evidence that the trial court was aware the magistrate court had issued an order calling for a mental health or mental retardation examination of Petitioner. There was no mention of an order for mental health evaluation during the two pretrial hearings held by the district court. Although Williams addressed the Court at both hearings, he did not inform the court of any mental health issues. In addition, trial counsel attested there was never any indication Petitioner was not competent to stand trial. Ex parte Williams, Appl. No. 35,966-03 at Supp. Rec. 6. Finally, Petitioner did not provide the habeas court or this Court with any evidence demonstrating he was incompetent to stand trial.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## C.     Ineffective Assistance of Counsel

In his second ground for relief, Petitioner argues that he was denied effective assistance of counsel when his attorney failed to investigate if there was an order for a competency evaluation. Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668  (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687.

Petitioner's court-appointed counsel provided his affidavit to the state habeas court. Counsel attested:

> I was appointed to represent Franklin Lashawn Williams in Cause Number 09-003-K26. Prior to trial I met with Mr. Williams on several occasions to discuss

his case.  He never exhibited any signs of mental illness.  At no time did I have any difficulty communicating with Mr. Williams.  He understood the proceedings and the charges against him and was able to assist me with his defense.  There was never any indication that he was not competent to stand trial.  Therefore, I did not request a competency hearing.  Likewise, there was never any indication that Mr. Williams was insane at the time he committed the offenses in this case.  The allegation in this case was that while law enforcement was attempting to serve an arrest warrant on Mr. Williams at his home for aggravated robbery, he fled in his car.  The State alleged further that when he sped out of his apartment complex parking lot, Mr. Williams attempted to run over two police officers and then engaged in a high-speed chase through Georgetown.  This encounter was videotaped by the officers' dashboard video recorders.  There was never any indication that Mr. Williams was insane at the time he engaged in this conduct.  Specifically, there was never any indication that Mr. Williams suffered from a severe mental disease or defect which prevented him from knowing his conduct was wrong.  Therefore, I did not urge an insanity defense.

Ex parte Williams, Appl. No. 35,966-03 at Supp. Rec. 6.

The state habeas court found counsel's recollections were consistent with the recollections of the trial court in that the trial court never observed Petitioner exhibit any signs of mental illness, incompetence, or insanity.  Id. at 7.  Specifically, the court concluded there was no indication Petitioner was either incompetent to stand trial or insane at the time he committed the offenses in this case.  Id. at 8.  The court further concluded Petitioner failed to show counsel's performance was deficient for failing to request an unnecessary evaluation which would have been of no benefit to Petitioner.  Id.  Finally, the court concluded Petitioner was unable to show that but for counsel's performance, the outcome of his trial could have been different because, again, there was no indication that Petitioner was either incompetent to stand trial or insane at the time he committed the offenses in this case.  Id.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28

9

U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.  Alternatively, Petitioner has simply not shown that his counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice thereby.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

11

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 9th day of September, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE